JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DARNELL AND NIESSA POWELL, H/W

## DEFENDANTS

CITY OF PHILADELPHIA and PHILIP NORDO

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Matthew A. Casey, Esquire/Joshua Van Naarden, Esquire
Ross Feller Casey, LLP, 1650 Market Street, Suite 3450
Philadelphia, PA 19103, (215) 574-2000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
CIVIL RIGHTS VIOLATION - MALICIOUS PROSECUTION; FABRICATIO; DENIAL OF FAIR TRIAL

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   05/17/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

19 2155

Address of Plaintiff ___ 4262 ORMOND STREET, PHILADELPHIA, PA 19124 ___

Address of Defendant ___ 718 ARCH STREET, SUITE 501 SOUTH, PHILADELPHIA, PA 19106 ___

Place of Accident, Incident or Transaction ___ PHILADELPHIA, PA ___

---

**RELATED CASE, IF ANY:**

Case Number ___ Judge ___ Date Terminated ___

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | Yes | No |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | ☐ | ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | ☐ | ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | ☐ | ☑ |

I certify that, to my knowledge, the within case ☐ is ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 05/17/2019          *Matt Casey*          84443
                         *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1 Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2 FELA
- ☐ 3 Jones Act-Personal Injury
- ☐ 4 Antitrust
- ☐ 5 Patent
- ☐ 6 Labor-Management Relations
- ☑ 7 Civil Rights
- ☐ 8 Habeas Corpus
- ☐ 9 Securities Act(s) Cases
- ☐ 10 Social Security Review Cases
- ☐ 11 All other Federal Question Cases
  *(Please specify)* ___

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2 Airplane Personal Injury
- ☐ 3 Assault, Defamation
- ☐ 4 Marine Personal Injury
- ☐ 5 Motor Vehicle Personal Injury
- ☐ 6 Other Personal Injury *(Please specify)* ___
- ☐ 7 Products Liability
- ☐ 8 Products Liability — Asbestos
- ☐ 9 All other Diversity Cases
  *(Please specify)* ___

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, MATTHEW A. CASEY , counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

MAY 17 2019

DATE 05/17/2019          *Matt C*          84443
                         *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DARNELL AND NIESSA POWELL, H/W | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19- |
| | : | |
| CITY OF PHILADELPHIA and | : | |
| PHILIP NORDO | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| 5/17/2019 | *Attorney-at-Law* | Plaintiff |
| Date | | Attorney for |
| 215-574-2000 | 215-574-3080 | mcasey@rossfellercasey.com |
| Telephone | FAX Number | E-mail Address |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARNELL POWELL and** : | |
| **NIESSA POWELL, h/w** : | |
| 4262 Ormond Street : | |
| Philadelphia, PA 19124 : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Civil Action No. 19-** |
| : | |
| **CITY OF PHILADELPHIA** : | |
| 718 Arch Street, Suite 501 South : | |
| Philadelphia, PA 19106 : | |
| **and** : | |
| **PHILIP NORDO (Inmate #27933)** : | |
| North Hampton County Prison : | |
| 666 Walnut Street : | |
| Easton, PA 18042 : | |
| : | |
| **Defendants.** : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Darnell Powell and Niessa Powell, husband and wife ("Plaintiffs"), by and through

their undersigned attorneys, Ross Feller Casey, LLP, states, by way of Complaint against Defendants,

as follows:

## SUMMARY OF THE ACTION

1.     Plaintiffs bring this action against Philip Nordo, as well as the City of Philadelphia,

pursuant to 42 U.S.C. §1983 and supplemental claims under state law to redress permanent, life-

altering physical and psychological injuries suffered by Plaintiffs.  The negligence and deliberate

indifference of these Defendants led to Darnell Powell's wrongful imprisonment for murder and drug

charges for over three (3) years.

2.      Defendant, Philip Nordo ("Defendant Nordo"), a Philadelphia Police Detective, used his power and position to coerce and intimidate his potential victims.  Defendant Nordo would groom individuals to submit to his sexually coercive advances by gaining their trust and bestowing favors on them.  Defendant Nordo used his position of authority to engage in police misconduct involving interviews of potential witnesses and suspects including Darnell Powell.

3.      Defendant Nordo's misconduct led to an Affidavit of probable cause to support a warrant for Darnell Powell's arrest, based on tampered eyewitness testimony and fabricated evidence by Defendant Nordo.

4.      On June 12, 2015, Darnell Powell was arrested, detained and confined in prison for fabricated murder and drug charges.

5.      On June 4, 2018, Darnell Powell's motion to dismiss the murder charges was granted by the Honorable Diana L. Anhalt; however, Darnell Powell was forced to remain in prison until a hearing was held on the remaining false drug charges fabricated by Detective Nordo.

6.      A separate hearing was held with respect to falsified drug charges, and the remaining drug charges were dismissed.

7.      Darnell Powell was finally released from prison.  By that time,  Darnell Powell had been imprisoned for over three (3) years.

8.      Defendant, City of Philadelphia ("Defendant City"), had knowledge that Defendant Nordo had engaged in inappropriate and illegal conduct during criminal investigations for years before Plaintiffs were subjected to his misconduct.

9.      As of 2005, Defendant City was aware of credible complaints that Defendant Nordo had engaged in consistent and pervasive misconduct with suspects and informants.  Despite Defendant City's awareness of facts demonstrating this alarming and criminal pattern and practice

of behavior, Defendant City failed to train, supervise or discipline Defendant Nordo. Instead, Defendant City allowed Defendant Nordo's conduct to continue unabated and, shockingly, promoted him to serve as a detective in the PPD's most prestigious investigative unit, the Homicide Division.

10.     Defendant City's failure to properly ensure that a comprehensive and credible investigation into allegations of misconduct against Defendant Nordo and imposition of appropriate discipline permitted Defendant Nordo to continue his inappropriate and illegal conduct for over a decade. Defendant City's deliberate indifference to these very credible and concerning allegations emboldened Defendant Nordo over the years to coerce and intimidate witnesses and suspects resulting in the arrest and conviction of innocent men, like Darnell Powell. Defendant City was aware that their own investigative body to oversee police misconduct was ineffective and inadequate at addressing the abuses of power and constitutional violations perpetrated by their own police force.

11.     On June 12, 2015, Plaintiffs became victims of Defendant Nordo, as a result of Defendant City permitting Detective Nordo to be integrally involved in investigating homicides, despite years of well-known misconduct. Defendant Nordo's misconduct led to an Affidavit of probable cause to support a warrant for Darnell Powell's arrest on charges of murder and drugs. The case against Darnell Powell was based on tampered eyewitness testimony and fabricated evidence by Defendant Nordo.

12.     On June 12, 2015, Darnell Powell was arrested, detained and confined in prison for fabricated murder and drug charges.

13.     After Darnell Powell's arrest, his criminal defense counsel conducted an extensive investigation into the propriety of Defendant Nordo's misconduct, wherein it was discovered that Defendant Nordo tampered with eyewitness testimony and fabricated evidence against Darnell Powell, and reached the conclusion that the content of the tampered eyewitness testimony and

fabricated evidence was contrary to the known facts of the case, and that Defendant Nordo had a very extensive history of fabricating evidence and coercing statements from witnesses and suspects.

14.     Plaintiffs bring this action against Defendants, City and Nordo, under 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments to the U.S. Constitution, as well as supplemental claims under state law, seeking compensation for extraordinary harms and losses.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §1983 and 28 U.S.C. §§1331, 1343(a)(3), 1343(a)(4) and 1367(a).

16.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a) in that the Defendants are subject to personal jurisdiction within the Eastern District of Pennsylvania and the events that gave rise to this action occurred within the Eastern District of Pennsylvania.

17.     The matter in controversy exceeds Seventy-Five Thousand ($75,000) Dollars.

## PARTIES

18.     Plaintiff, Darnell Powell, age 36 at the time of his arrest on June 12, 2015, is and was, at all times relevant to this Complaint, a resident of Philadelphia, Pennsylvania.

19.     Plaintiff, Niessa Powell, is and was, at all times relevant to this Complaint, a resident of Philadelphia, Pennsylvania.

20.     Defendant, City of Philadelphia, is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department ("PPD"), which, at all times relevant to this Complaint, employed Defendant Nordo.

21.     Defendant Nordo, was at all relevant times employed as a detective with the PPD. He is sued in his individual capacity.

22.     At all times relevant to this Complaint, Defendants acted under color of state law.

## OPERATIVE FACTS

23.     Paragraphs 1 through 22 are hereby incorporated by reference as if fully set forth at length herein.

24.     At least as early as 2005, Defendant City was aware of credible complaints that Defendant Nordo, in his role as a Philadelphia police detective, groomed suspects for future sexual relationships.  In grooming these suspects, Defendant Nordo promised leniency or reward money, used threats and coercion, and engaged in sexual assault.  Defendant Nordo used his position to cause witnesses to sign false or inaccurate interview statements and confessions.  Despite its awareness of these credible complaints, Defendant City failed to supervise, discipline or train Defendant Nordo.

25.     Despite numerous credible complaints lodged against Defendant Nordo to the PPD, and then forwarded to the District Attorney's Office, Defendant Nordo was neither charged nor disciplined.

26.     Despite these complaints, in 2009, Defendant City promoted Defendant Nordo to the Homicide Unit.  In that assignment, Defendant Nordo continued to engage in coercive grooming and assaultive behavior, including fabricating evidence and coercing fabricated statements from witnesses and suspects.

27.     As a homicide detective, Defendant Nordo was given access and opportunity, as well as wide latitude, to conduct homicide investigations.  Defendant Nordo was then able to continue

his misconduct for years, unfettered, as Defendant City failed to institute any oversight or supervision over his conduct. Defendant Nordo's conduct, facilitated by Defendant City's deliberate indifference, led to the wrongful conviction and imprisonment of several men, including Darnell Powell.

28.     In 2017, Defendant Nordo was fired by the PPD, amid allegations that Defendant Nordo had been engaging in police misconduct with potential witnesses and suspects for many years. In February 2019, Defendant Nordo was indicted by a Grand Jury on multiple counts of rape, involuntary deviate sexual intercourse, sexual assault, misconduct, intimidation and theft of city funds.

29.     After the Grand Jury indictment, the PPD acknowledged that Defendant Nordo's criminal behavior was as a result of a lack of oversight and proper supervision.

30.     On May 19, 2015, Eliezer Mendez was shot and killed.

31.     In June 2015, Plaintiffs became victims of Defendant Nordo's misconduct and intimidation, based on Defendant Nordo's misconduct of tampering eyewitness testimony and fabricating evidence against Darnell Powell.  The investigation led to an Affidavit of probable cause to support a warrant for Darnell Powell's arrest on charges of murder and drugs related to the murder of Mr. Mendez.

32.     On June 12, 2015, Darnell Powell was arrested, detained and confined in prison for fabricated murder and drug charges.

33.     On June 4, 2018, Darnell Powell's motion to dismiss the murder charges was granted by the Honorable Diana L. Anhalt; however, Darnell Powell was forced to remain in prison until a hearing was held on the remaining false drug charges fabricated by Detective Nordo.

34.     A separate hearing was held with respect to falsified drug charges, and the remaining drug charges were dismissed.

35.     Darnell Powell was finally released from prison.  By that time,  Darnell Powell had been imprisoned for over three (3) years.

36.     Darnell Powell repeatedly and adamantly proclaimed his innocence throughout his detainment.

37.     Over the course of those three (3) years in prison, Darnell Powell endured countless indignities, physical and mental injuries that are permanent and pervasive.  Darnell Powell's injuries persist and will continue into the future.

38.     The unlawful, intentional, willful, deliberately indifferent and reckless actions and omissions of the Defendants caused Darnell Powell to be improperly arrested and imprisoned, and forced to serve over three (3) years in prison for a brutal crime he did not commit.

39.     As a direct result of Defendants' conduct and omissions, Darnell Powell sustained injuries and damages including loss of freedom for more than three (3) years, loss of his youth, pain and suffering, mental anguish, emotional distress, indignities, degradation, permanent loss of natural psychological development and restrictions on all forms of personal freedom including, but not limited to, diet, sleep personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment and freedom of speech and expression.

40.     As a direct result of the Defendants' conduct and omissions, Darnell Powell sustained economic injuries and damages, including loss of income and loss of career opportunities.

41.     Darnell Powell maintained his innocence and once Detective Nordo's misconduct came to light, he petitioned the Court to dismiss his case.  The investigation into Darnell Powell's

wrongful arrest shed light on the facts surrounding Detective Nordo's misconduct of tampering with eyewitness testimony and fabricating evidence against Darnell Powell, which led to an Affidavit of probable cause to support a warrant for his arrest.

42.     With respect to the murder charges brought against him, Darnell Powell proclaimed his innocence, committed no crime, nor was there any evidence linking him to the murder of Mr. Mendez, other than the tampered eyewitness testimony and fabricated evidence by Defendant Nordo. Other than this illegally obtained testimony and evidence, there was no basis to believe that Darnell Powell had violated any federal, state or local law.

43.     Defendant Nordo had no legal cause to believe that Darnell Powell committed the murder of Mr. Mendez.

44.     By Defendant Nordo's misconduct in tampering with eyewitness testimony and fabricating evidence against Darnell Powell, Defendant Nordo, with malice, caused the unlawful prosecution of Darnell Powell.

45.     At no time did Defendant Nordo disclose to prosecutors that he had fabricated evidence to support the prosecution of Darnell Powell, nor did he disclose to prosecutors that he had tampered with eyewitness testimony.

46.     Defendant City, through its deliberate indifference to longstanding practices of PPD officers' inappropriate use of their positions to cause witnesses to sign false or inaccurate interview statements, the ineffective oversight of the Internal Affairs Department, and its failure to respond to years of credible reports of Defendant Nordo's misconduct, was a moving force in causing the violations of Darnell Powell's constitutional rights.

47.     At all relevant times, as outlined above, Defendant Nordo's conduct was in willful, reckless and callous disregard of Darnell Powell's rights under federal and state law.

## Count I
### 42 U.S.C. §1983 Claims
### Plaintiffs v. Defendant Nordo

48.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

### Malicious Prosecution

49.     Defendant Nordo violated Darnell Powell's clearly established right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the U.S. Constitution.

50.     Defendant Nordo's knowing, intentional and/or reckless conduct directly and proximately caused the prosecution of Darnell Powell on murder and drug charges.  Defendant Nordo caused the prosecution without probable cause and he acted with improper motive and purposes.

51.     Darnell Powell suffered a deprivation of liberty as a result of the prosecution. Darnell Powell's arrest on the murder charge of Mr. Mendez, in addition to drug charges, were dismissed. The criminal proceedings were ultimately resolved in Darnell Powell's favor.

### Deprivation of Liberty without Due Process of Law

52.     Defendant Nordo deprived Darnell Powell of his clearly established constitutional right to due process of law and to a fair trial.  Defendant Nordo fabricated evidence and engaged in deliberate deception when he tampered with eyewitness testimony and fabricated evidence against Darnell Powell in the involvement in the murder of Mr. Mendez.

53.     Defendant Nordo's misconduct of tampering with eyewitness testimony and fabricating evidence against Darnell Powell, caused the initiation of Darnell Powell's arrest.  As such, Defendant Nordo's conduct denied Darnell Powell's right to a fair trial and caused his unlawful conviction in violation of the Fourteenth Amendment to the U.S. Constitution.

## Failure to Disclose Exculpatory Evidence

54.     Defendant Nordo failed to disclose to prosecutors the nature of the tampered eyewitness testimony and fabricated evidence against Darnell Powell.

55.     Defendant Nordo's misconduct violated Darnell Powell's clearly established rights under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny and, as such, violated Darnell Powell's right to a fair trial under the Fourteenth Amendment to the U.S. Constitution.

## Violation of Plaintiff's Right Against Self-Incrimination

56.     Defendant Nordo's misconduct by tampering with eyewitness testimony and fabricating evidence against Darnell Powell led to an Affidavit of probable cause to support a warrant for Darnell Powell's arrest.

57.     The circumstances of Darnell Powell's arrest on June 12, 2015, and detainment and confinement, was based solely on Defendant Nordo's misconduct by tampering with eyewitness testimony and fabricating evidence against Darnell Powell.

58.     Ultimately, Darnell Powell petitioned the Court to dismiss his murder and drug charges based on Defendant Nordo's misconduct.

59.     Darnell Powell was finally released from prison.  By that time, Darnell Powell had been imprisoned for over three (3) years.

60.     As a direct and proximate result of Defendants' actions, Darnell Powell was wrongly prosecuted, detained and incarcerated for over three (3) years and sustained other injuries and damages as set for above.

**WHEREFORE**, Plaintiffs, Darnell and Niessa Powell, seek damages against Defendants, jointly and severally, in an amount in excess of $75,000, including costs of suit, interest, attorney's fees, punitive/exemplary damages and such other relief as this Honorable Court deems appropriate.

## Count II
### 42 U.S.C. § 1983 Claims
### Plaintiffs v. Defendant, City of Philadelphia

61.    The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

62.    Defendant City caused the violation of Darnell Powell's constitutional rights.  As evidenced by the lengthy history of misconduct involving PPD officers' investigative practices in general, and credible reports of Defendant Nordo's misconduct in particular, Defendant City, with deliberate indifference, employed a custom, pattern, practice or policy of allowing officers to use their position to cause witnesses to sign false or inaccurate interview statements and/or failed to train, supervise and/or discipline officers who engaged in such conduct.  The misuse of their position when interviewing witnesses to which Defendant City was deliberately indifferent included officers:

(a)    Coercing false statements from witnesses;

(b)    Making false statements or reports regarding the information provided by a coerced witness;

(c)    Coercing or threatening witnesses to provide information; and/or

(d)    Fabricating evidence against witnesses/suspects.

**WHEREFORE**, Plaintiffs, Darnell and Niessa Powell, seek damages against Defendants, jointly and severally, in an amount in excess of $75,000, including costs of suit, interest, attorney's fees, punitive/exemplary damages and such other relief as this Honorable Court deems appropriate.

## Count III
### State Law Claim
### Plaintiffs v. Defendant Nordo

63.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

64.     Defendant Nordo's knowing, intentional and/or reckless false statements were the direct and proximate cause of the prosecution of Darnell Powell for the murder of Mr. Mendez. Defendant Nordo caused the prosecution of Darnell Powell without probable cause and he acted with malice or specific intent to injure.

65.     Darnell Powell suffered a deprivation of liberty as a result of the prosecution. Darnell Powell's arrest for the murder of Mr. Mendez, in addition to drug charges, was vacated and the charges were withdrawn.

**WHEREFORE**, Plaintiffs, Darnell and Niessa Powell, seek damages against Defendants, jointly and severally, in an amount in excess of $75,000, including costs of suit, interest, attorney's fees, punitive/exemplary damages and such other relief as this Honorable Court deems appropriate.

## Count IV
### Loss of Consortium Claim
### Plaintiff, Niessa Powell s v. Defendants

66.     The preceding paragraphs of this Complaint are incorporated as though fully set forth herein.

67.     Darnell Powell and Niessa Powell were married on July 17, 2014.

68.     Niessa Powell brings her consortium loss pursuant to the state law claims identified herein.

69.     The knowing, intentional and/or recklessness by the Defendants consisted of one or more of the preceding acts or omissions to act, and, therefore, Niessa Powell has been caused to sustain the loss of society and comfort of her husband, Darnell Powell, by reason of the residual injuries and/or disabilities he has sustained as a result of the Defendants' negligence. The marital relationship between Darnell and Niessa Powell has been damaged as a result of Darnell Powell's unlawful arrest and detainment for over three (3) years for a crime he did not commit.

**WHEREFORE**, Plaintiffs, Darnell and Niessa Powell, seek damages against Defendants, jointly and severally, in an amount in excess of $75,000, including costs of suit, interest, attorney's fees, punitive/exemplary damages and such other relief as this Honorable Court deems appropriate.

**ROSS FELLER CASEY, LLP**

By:_____
          Matthew A. Casey, Esquire (Id #84443)
          Joshua Van Naarden, Esquire (Id #86740)
          One Liberty Place - Suite 3450
          1650 Market Street
          Philadelphia, PA 19103
          Tel: 215-574-2000
          *Attorneys for Plaintiff*

Dated: May 17, 2019